UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM SEALEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:11-CV-120 |
| | § | |
| EMCARE, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants' Amended Bill of Costs. (D.E. 162-1.) Defendants seek their costs of litigation as the prevailing party; however, Plaintiffs object to many of the asserted fees. (D.E. 161, 165.) For the reasons set forth below, Plaintiffs are taxed **$ 4,342.26.**

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d), costs—other than attorney's fees—should be granted to the prevailing party. Title 28, United States Code, Section 1920, sets out which costs are taxable. Taxable costs include, among other things, fees for copies and transcripts necessarily obtained for use in the case and fees for witnesses. The party who seeks to recover costs has the burden of producing evidence properly documenting and establishing the costs incurred. *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991); *Faculty Rights Coal. v. Shahrokhi*, Civ. A. No. H-04-2127, 2005 WL 1924192, at *1 (S.D. Tex. Aug. 10, 2005). The district court has wide discretion to determine whether the prevailing party is entitled to an award of costs for claimed expenses. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998);

*Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, Civ. A. No. H-01-4242, 2006 WL 734396, at *1 (S.D. Tex. Mar. 22, 2006).

## PHOTOCOPY FEES

Plaintiffs argue that Defendants failed to provide sufficient specificity regarding their in-house copying costs and therefore, the recovery of any copy fees should be denied, except for a $10.00 charge for a CD that was created for document production and a $16.24 charge for the creation of a DVD for Plaintiffs' counsel. (D.E. 161 at 10–14; D.E. 165 at 3–6.) Defendants argue that all copies were necessarily obtained for use in this case, not merely for the convenience of counsel; and therefore, all copy costs are recoverable under 28 U.S.C. § 1920. (D.E. 162.)

Section 1920(4) permits the taxation of costs for fees associated with "making copies of any materials where the copies are necessarily obtained for use in the case." Fees for the unnecessary duplication of records, copies of original documents possessed by the prevailing party, and/or copies made for the convenience, preparation, research, or for the records of counsel are not taxable. *See Peacock v. Carpedia Int'l, Ltd.*, 2012 WL 4829381, at *2 (S.D. Tex. Oct. 10, 2012). Costs for copies may be denied where the Court is unable to determine from the documents submitted the use or intended use of the copies. *Verdin v. Autozone Texas, L.P.*, Civ. A. No. B-05-280, 2007 WL 4260913, at *3 (S.D. Tex. Dec. 3, 2007). However, the fact that a party did not precisely itemize its photocopying costs does not necessarily preclude an award, provided that the prevailing party has "made the appropriate declaration under penalty of perjury that the costs were correct and 'necessarily incurred in this action.' " *United Teachers Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 574 (5th Cir. 2005).

After Plaintiffs filed their objections to the Defendants' bill of costs, Defendants filed a revised bill of costs on May 13, 2013, which included a reduced charge for copies from $2,077.85 to $1,287.01. (D.E. 162-1.)  Defendants additionally filed a declaration by Jennifer Tomsen, an attorney for Defendants who worked on the case, stating that the costs of producing the copies were "necessarily incurred in this case" and that all costs for which Defendants seek recovery are permitted under 28 U.S.C. § 1920. (D.E. 162-2.)   Defendants filed the client invoices for all in-house copying costs. (D.E. 162-3.)  Furthermore, Defendants filed the invoices for all of the outside vendor copying costs, minus any charges for non-taxable items such as tabs and file folders. (D.E. 162-4.)  The invoices do not provide an itemized list of the documents copied.  Defendants assert in their response, however, that the in-house copies consisted of pleadings and discovery-related documents, asserting that both of these are recoverable under section 1920. (D.E. 162 at 3.)  Moreover, Defendants assert in their response that they are entitled to recover the outside vendor costs set forth in the invoices, which include charges for copying Plaintiff's trial exhibits, copies of documents during trial, and copies of authority supporting any motions made during the trial. (D.E. 162 at 4.)  Defendants argue that these charges were necessary and not incurred simply for the convenience of counsel.

The burden is on the prevailing party to demonstrate that the costs were necessarily incurred. *Fogleman v. Aramco*, 920 F.2d 278, 286 (5th Cir. 1991).  Yet, failure to provide an itemized list of the documents or pages copied does not necessarily defeat an award of costs. *See United Teacher Associates Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 574–75 (5th Cir. 2005); *Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 484 (5th Cir. 2002).  The Court finds that Defendants' photocopy fees set forth in the amended bill of costs are reasonable,

and the copies were necessary for the preparation of the case and not merely for the convenience of the attorneys. Accordingly, Plaintiffs are taxed **$1,287.01** for photocopies.

## TRANSCRIPT FEES

**A.     Deposition Transcripts**

The prevailing party may recover the costs of deposition transcripts where they were necessarily obtained for use in the case and not merely for the convenience of the attorneys. *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. 1981). "Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). It is generally recognized that the basic costs of an original deposition transcript and one copy are taxable against the non-prevailing party. *See, e.g.*, *WesternGeco L.L.C. v. ION Geophysical Corp.*, No. 4:09-cv-1827, 2013 WL 3148671, at *24 (S.D. Tex. June 19, 2013); *Krohn v. David Powers Homes, Inc.*, No. H-07-3885, 2009 WL 2605284, at *4 (S.D. Tex. Aug. 21, 2009). Other deposition expenses may also be taxable provided they represent reasonable expenses necessary for the preparation of the case. *See, e.g.*, *In re Scientific–Atlanta, Inc. Securities Litigation*, 2011 WL 2671296, at *1 (N.D. Ga. July 6, 2011); *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 761 F. Supp. 2d 442, 450 n. 9 (W.D. Tex. 2010) ("The Court finds, however, that video synchronization was a convenience to the parties and not a necessity.").

Plaintiffs acknowledge that deposition transcripts represent taxable expenses, but they argue that Defendants failed to provide sufficient documentation for the Court to find that the transcripts were necessarily obtained for use in the case. (D.E. 161 at 5–8; D.E. 165 at 7–10.) Defendants argue that the deposition fees set forth in the amended bill of costs were necessary and reasonable. (D.E. 162 at 4–5.) For the depositions noticed by Defendants, Defendants seek

to recover only the costs of the original transcripts. (*Id*. at 5.)  For depositions noticed by Plaintiffs, Defendants seek to recover only the costs for obtaining copies of the transcripts. (*Id*.)  The Court addresses the deposition costs claimed by Defendants for each deponent.

    *1.*      *Cindy Chavez*

Plaintiffs noticed the deposition of Cindy Chavez.  Defendants seek to recover only the costs associated with obtaining a copy of the deposition transcript. (D.E. 162 at 5.)  Defendants provided an invoice for the transcript. (D.E. 162-7 at 2.)  Plaintiffs object that the delivery fee of $20.00 is not taxable. (D.E. 165 at 7.)  Plaintiffs do not object to the other fees.  The Court concludes that delivery fees are not taxable. *See Gary Brown & Associates, Inc. v. Ashdon, Inc.*, 268 Fed. App'x 837, 845 (11th Cir.2008) ("Costs associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable."); *New Hampshire Ins. Co v. Blue Water OffShore, LLC*, 2009 WL 2762814, at *2 (S.D. Ala. Aug. 28, 2009).  Accordingly, the Court sustains Plaintiffs' objection to the delivery fee and taxes Plaintiff in the amount of **$92.63** for the deposition transcript.

    *2.*      *Sean Richardson*

Plaintiffs additionally noticed the deposition of Sean Richardson.  Defendants seek only the costs to obtain a copy of the deposition transcript. (D.E. 162 at 5.)  Plaintiffs object that Defendants failed to submit an invoice for the deposition expenses and argue that, with no invoice, the Court cannot determine which costs are taxable. (D.E. 165 at 10.)  In the alternative, Plaintiffs argue that they should only be taxed for copies of the deposition transcript at the same per page rate as charged for Cindy Chavez, that is, $1.81 per page or $157.47 for the 87-page transcript. (*Id.*)  The Court finds that a copy of Sean Richardson's deposition transcript was necessary for preparation of the case.  Accordingly, the reasonable cost of copies is taxable.

However, as Defendants failed to provide an invoice for the copies, the Court finds that there is no basis for taxing the full cost claimed by Defendants. Plaintiffs are thus taxed in the amount of **$157.47** for the deposition transcript.

   3.   *James Constantikes*

Defendants noticed the deposition of James Constantikes and seek the costs associated with obtaining the original transcript. (D.E. 162 at 5.) Defendants attached an invoice from Huseby.com for $1,494.10. (D.E. 162-7 at 3.) The invoice does not indicate the number of pages of the transcript or whether other deposition expenses were included. Plaintiffs argue that the expenses are unreasonable because the deposition transcript was only 56 pages long, which constitutes a charge of $26.68 per page. (D.E. 165 at 7.) There is no indication that the transcript was expedited or explanation for the high cost of the transcript. The Court finds that a charge of $3.65 per page for the original transcript is reasonable. This is the maximum transcript fee rate for an ordinary 30-day transcript established by the United States District Court for the Southern District of Texas. (D.E. 165-2.) Plaintiffs are thus taxed in the amount of **$254.80** for the deposition.

   4.   *J. Michael Neuse*

Defendants noticed the deposition of J. Michael Neuse and seek to recover the costs of the original transcript. (D.E. 162 at 5.) Defendants claim $1,084.35 in costs. (*Id*. at n. 6.) Defendants attached an invoice; however, it does not provide an itemized list of expenses or the number of pages. (D.E. 162-7 at 5.) Plaintiffs object that the charge for the 133-page transcript is excessive. (D.E. 165 at 8–9.) The Court finds that a charge of $3.65 per page (the maximum permitted by this Court) is reasonable. Plaintiffs are thus taxed in the amount of **$485.45** for the deposition.

  5. *Steven L. Patterson*

Defendants noticed the deposition of Steven L. Patterson and seek to recover the costs of the original transcript of the deposition. (D.E. 162 at 5.) Defendants claim $1,742.50 in costs. (*Id*. at n. 6.) Defendants attached an invoice for the transcript; however, the invoice does not provide an itemized list of expenses or the number of pages. (D.E. 162-7 at 6.) Plaintiffs object that the charge for the 146-page transcript is excessive. (D.E. 165 at 8–9.) The Court finds that a charge of $3.65 per page (the maximum permitted by this Court) is reasonable. Plaintiffs are thus taxed in the amount of **$532.90** for the deposition.

  6. *Angelica Raines*

Defendants noticed the deposition of Angelica Raines and seek to recover the costs of the original transcript. (D.E. 162 at 5.) Defendants claim $863.40 in costs. (*Id*. at n. 6.) Defendants attached an invoice for the transcript; however, the invoice does not provide an itemized list of expenses or the number of pages. (D.E. 162-7 at 7.) Plaintiffs object that the charge for the 84-page transcript is excessive. (D.E. 165 at 8–9.) The Court finds that a charge of $3.65 per page for the original transcript (the maximum permitted by this Court) is reasonable. Plaintiffs are thus taxed in the amount of **$306.60** for the deposition.

  7. *Carlos Raines*

Defendants noticed the deposition of Carlos Raines and seek to recover the costs of the original transcript. (D.E. 162 at 5.) Defendants claim $762.95 in costs. (*Id*. at n. 6.) Defendants attached an invoice for the transcript; however, the invoice does not provide an itemized list of expenses or the number of pages for the deposition. (D.E. 162-7 at 8.) Plaintiffs object that the charge for the 65-page transcript is excessive. (D.E. 165 at 8–9.) The Court finds that a charge

of $3.65 per page (the maximum permitted by this Court) is reasonable.  Plaintiffs are thus taxed in the amount of **$237.25** for the deposition.

      *8.*     *William Sealey*

Defendants noticed the deposition of William Sealey and seek to recover the costs of the original transcript. (D.E. 162 at 5.)  Defendants claim $1,325.45 in costs. (*Id*. at n. 6.)  Defendants attached an invoice for the transcript; however, the invoice does not provide an itemized list of expenses or the number of pages. (D.E. 162-7 at 9.)  Plaintiffs object that the charge for the 159-page transcript is excessive. (D.E. 165 at 8–9.)  The Court finds that a charge of $3.65 per page (the maximum permitted by this Court) is reasonable.  Plaintiffs are thus taxed in the amount of **$580.35** for the deposition.

      *9.*     *Danny McCarty*

Defendants noticed the deposition of Danny McCarty and seek to recover the costs of the original transcript. (D.E. 162 at 5.)  Defendants claim $959.90 in costs. (*Id*. at n. 6.)  Defendants attached an invoice for the transcript; however, the invoice does not provide an itemized list of expenses or the number of pages. (D.E. 162-7 at 9.)  Plaintiffs object that this generic invoice does not provide sufficient information upon which the Court can make a determination of the reasonable and necessary expenses for the deposition. (D.E. 165 at 9.)  The Court finds that the invoice does not provide sufficient information for the Court to make a determination, and Defendants are denied their costs for the deposition.

      *10.*    *Conclusion*

The Court finds that the following expenses are taxable against Plaintiffs as reasonable expenses for depositions necessarily obtained for use in the case:

| | |
|---|---:|
| Cindy Chavez | $92.63 |
| Sean Richardson | $157.47 |
| James Constantikes | $254.80 |
| J. Michael Neuse | $485.45 |
| Steven L. Patterson | $532.90 |
| Angelica Raines | $306.60 |
| Carlos Raines | $237.25 |
| William Sealey | $580.35 |
| **Total:** | **$2,647.45** |

## B. Daily Trial Transcripts

In order to award costs for daily trial transcripts, the Court must find that they were necessarily obtained for use in the case and not primarily for the convenience of the attorneys. *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983). Generally, daily trial transcripts are not necessary because counsel can rely on their note-taking and memories, particularly where the trial is relatively short and the prevailing party is represented by a large team of attorneys and support staff. *See United States ex. rel. Gonzalez v. Fresenius Med. Care N. Am.*, 761 F. Supp. 2d 442, 451 (W.D. Tex. 2010) (finding daily transcripts not necessary where "Defendants had a large team of able attorneys and legal support staff that could take notes during the course of the trial on the testimony of witnesses and the rulings of the Court."); *Arrieta v. Yellow Transp., Inc.*, No. 3:05-CV-2271-D, 2010 WL 4314298, at *2 (N.D. Tex. Oct. 26, 2010) (finding daily transcripts were necessary where testimony lasted three weeks); *Perry v. United States Dept. of Energy*, No. 05-C-3634, 2008 WL 161679, at *3 (N.D. Ill. Jan. 14, 2008) (finding transcripts not necessary where trial was less than three days).

In the case at hand, the trial consisted of less than three full days of testimony, and EmCare had numerous staff and attorneys present to take notes during the course of the trial.

The Court thus finds that daily trial transcripts were not necessary, but constituted a convenience for the attorneys.  Defendants are denied their costs for the daily trial transcripts.

## WITNESS EXPENSES

**A.    Sean Richardson**

Defendants seek expenses for Sean Richardson's attendance at his deposition.  Plaintiffs argue that Richardson's witness expenses should not be taxed against them because he was a party to the litigation. (D.E. 161 at 15; D.E. 165 at 11.)  Travel expenses and fees of a party to the lawsuit are generally not taxable under Section 1920. *Hodge v. Seiler*, 558 F.2d 284, 287 (5th Cir. 1977) (citing 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2678).  Some courts have extended this to cover corporate defendants, denying expenses to individuals who testify at trial as a designated corporate representative. *See, e.g.*, *Morrison v. Alleluia Cushion Co.*, 73 F.R.D. 70, 71 (N.D. Miss. 1976).  Yet, other courts have declined to exclude the taxation of fees for corporate representatives. *See Miss. Chem. Corp. v. Dresser-Rand Co.*, No. 5:97-CV-57BRN, 2000 WL 33725123, at *14 (S.D. Miss Sept. 12, 2000); *Elec. Specialty Co. v. Int'l Controls Corp.*, 47 F.R.D. 158, 162 (D.C.N.Y. 1969) ("The expenses of directors and officers can be allowed, even though they are testifying on behalf of their corporations, so long as their interest in the litigation is no more than a natural concern for the welfare of the corporation as opposed to actual participation in the litigation to the extent that they become identifiable as a party in interest.").

Defendants argue that Richardson was not a party to this lawsuit and that he attended trial merely as a fact witness and not as a corporate representative. (D.E. 162 at 6–7.)  Defendants argue that Cary Dugger attended the trial as EmCare's corporate representative. (*Id*. at 7.)  Dugger, however, did not testify at trial.  Rather, Richardson appeared at trial by video.

10 / 12

Moreover, Richardson, not Dugger, was EmCare's designated corporate representative under FED. R. CIV. P. 30(b)(6). (D.E. 165 at 11–12.) Plaintiffs therefore argue that Richardson stood in the shoes of the corporation at trial; that he should be considered as a party to the litigation, and that his expenses should not be taxed against Plaintiffs. (*Id.*)

The primary focus of Richardson's trial testimony was the employment policies and practices of Defendant EmCare. (*See* Day 3 Trial Tr., D.E. 141 at 41–158.) The trial transcript makes clear that Richardson's role at the trial was that of corporate representative. Richardson essentially stood in the shoes of the corporate party EmCare. If Dugger had testified as a corporate representative at trial, and Richardson had merely served as a fact witness, then Defendants would be entitled to fees for Richardson. But this was not the case. Richardson testified as the corporate representative for Defendant EmCare, and Defendants are thus denied any witness fees.

**B.     Cindy Chavez**

Next, Plaintiffs argue that the travel costs submitted for Cindy Chavez are excessive. Defendants seek to tax Plaintiffs $355.90 for airfare and $170.00 for a private car service to and from the airport. (D.E. 162-10.) Plaintiffs withdrew their objections to the airfare charge; however, they maintain that the taxable costs for ground transportation to and from the airport should be limited to the price of a taxi cab, that is, $52.00 ($26.00 each way). (D.E. 165 at 14.) The Court agrees. Plaintiffs are taxed **$407.90** for Cindy Chavez' travel expenses.

## CONCLUSION

For the reasons set forth above, Plaintiffs are taxed **$ 4,342.26** in costs.

ORDERED this 15th day of July, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE